IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Ta'Kuan Bingham,            )
   Plaintiff,              )
                            )
v.                          )     No. 1:24cv1800 (RDA/LRV)
                            )
Jefferey William Shaw, *et al.*,  )
   Defendants.             )

MEMORANDUM OPINION and ORDER

Ta'Kuan Bingham ("Plaintiff" or "Bingham"), a Virginia inmate proceeding *pro se*, has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights. Dkt. No. 1. Bingham has applied to proceed *in forma pauperis*, Dkt. No. 2, 6, and seeks monetary relief in the amount of $30,000,000, as well as injunctive relief. Dkt. No. 1 at 10. Because Bingham is a prisoner, however, the Court must screen his complaint to determine whether it is frivolous, malicious, or fails to state any claims upon which relief may be granted. See 28 U.S.C. § 1915A.[1]

**I. Standard of Review**

Pursuant to § 1915A, this Court must dismiss any claims based upon "'an indisputably meritless legal theory,'" or claims where the "factual contentions are clearly baseless." *Clay v.*

---

[1] Section 1915A provides:

   (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

   (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

      (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

      (2) seeks monetary relief from a defendant who is immune from such relief.

*Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

In addition, under 28 U.S.C. § 1915(e)(2)(B), a complaint can be dismissed at any time if the Court determines it fails to state a claim upon which relief can be granted, is frivolous or without merit when it is clear it would be barred by the statute of limitations. *See Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 955-56 (4th Cir. 1995) (en banc) (affirming district court's finding that complaint was barred by the applicable statute of limitations and "that the district court did not abuse its discretion in concluding that the action was frivolous") (citing 28 U.S.C. § 1915(d)); *Brown v. Harris*, No. 3:10cv613, 2012 WL 12383, at *1 (E.D. Va. Jan. 3, 2012) (under 28 U.S.C. § 1915(e)(2), a court must dismiss claims barred by the relevant statute of limitations (citing *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-57 (4th Cir. 2006)).

## II. Complaint

Bingham alleges that defendants—Judge Jefferey William Shaw; Assistant Commonwealth Attorney Monique Watson Donner; witness Dana Anne Fantozzi; Detective Patrick Graham, Badge #0321; appointed counsel Julie Lillrose Churchill; appointed counsel Kathryn Eleneor [Eleanor] Lavelle; and Director Chadwick S. Dotson—were part of his malicious

prosecution that occurred on November 8, 2021, and resulted in his "false imprisonment." Dkt. No. 1 at 2-9. The complaint is largely conclusory and sets forth each defendants' role—Judge Shaw was the presiding judge; Ms. Donner was the prosecutor; Ms. Fantozzi was a witness; Detective Graham violated his Fourth and Fifth Amendment rights; Ms. Churchill and Ms. Lavelle are attorneys appointed to represent Bingham; and Dotson is the Director of the Virginia Department of Corrections that is detaining him pursuant to the criminal judgments entered by the circuit court.

The online records of the Gloucester County Circuit Court confirm that Bingham was convicted of the arson of an occupied dwelling, and three counts of animal cruelty on November 8, 2021.[2] Bingham, by counsel, appealed his convictions to the Virginia Court of Appeals, which affirmed his convictions on May 17, 2022. *Bingham v. Commonwealth*, Record No. 1396-21-1.[3] The Virginia Supreme Court affirmed his convictions on September 30, 2022. *Bingham v. Commonwealth*, Record No. 220296.[4]

### III. Statute of Limitations

With the exception of defendant Dotson, the underlying claim accrued on or before November 8, 2021 when Bingham was convicted. Because there is no explicit statute of limitations

---

[2] *See* https://www.vacourts.gov/, Case Status and Information, Circuit Court Case Information and Fee Calculation, Gloucester Circuit Court, Criminal Tab (search "Bingham, Ta'Kuan") (last searched Feb. 25, 2025). *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("most frequent use of judicial notice of ascertainable facts is in noticing the content of court records") (collecting cases); *see, e.g., Lynch v. Leis*, 382 F.3d 642, 647 & n.5 (6th Cir. 2004) (taking judicial notice of state court records available to public online).

Bingham has also filed a petition for a writ of habeas corpus in this Court, *Bingham v. Anderson*, No. 24-cv-01225-RDA-WBP, which is pending. The habeas challenges the same four convictions, as well as a larceny conviction. *Id.*, Dkt. No. 1 at 1..

[3] https://eapps.courts.state.va.us/cav-public/home/homePage (search "Bingham, Ta'Kuan") (last viewed Oct. 22, 2024). *See Coil*, 887 F.2d at 1239 (4th Cir. 1989); *see, e.g., Lynch*, 382 F.3d at 647 & n.5.

[4] https://eapps.courts.state.va.us/acms-public/home/homePage (search "Bingham, Ta'Kuan") (last viewed Oct. 22, 2024). *See Coil*, 887 F.2d at 1239 (4th Cir. 1989); *see, e.g., Lynch*, 382 F.3d at 647 & n.5.

for 42 U.S.C. § 1983 actions, the courts borrow the personal injury statute of limitations from the relevant state. *Nasim*, 64 F.3d at 955 (citing *Wilson v. Garcia*, 471 U.S. 261, 266-69 (1985)). Virginia applies a two-year statute of limitations to personal injury claims. *See* Va. Code Ann. § 8.01-243(A). Hence, Bingham was required to have filed his complaint within two years from when the underlying claim accrued. "A claim accrues when the plaintiff becomes aware of his or her injury, *United States v. Kubrick*, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." *Almond v. Sisk*, No. 3:08cv138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original) (quoting *Nasim*, 64 F.3d at 955). Thus, other than for defendant Dotson, to be timely Bingham must have filed his complaint on or before Wednesday, November 8, 2023. Bingham's complaint was signed on "9-25-24," and postmarked and received in the institutional mailroom on September 27, 2024. Dkt. Nos. 1 at 10; 1-1.[5] *See Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 736 (4th Cir. 1991) (concluding inmate's civil action was filed for statute of limitation purposes when handed to prison officials for mailing).[6] Therefore, the complaint is untimely as to all the defendants except defendant

---

[5] Under the prison mailbox rule, the date of the filing is considered to be "the time petitioner delivered [the filing] to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[6] Regarding defendant Shaw, the allegations fail to state a claim upon which relief can be granted because judges are immune from suits for damages arising out of their judicial acts as well as injunctive relief. *See Donato Malave v. Abrams*, 547 F. App'x 346, 347 (4th Cir. 2013) (Congress abrogated the limiting of judicial immunity for state judges for only money damages by amending § 1983 in 1996 and provided that "injunctive relief [against a judicial officer] shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable."); *Roth v. King*, 449 F.3d 1272, 1286, (D.C. Cir. 2006) (same).

In addition, prosecutors are immune from § 1983 claims in circumstances where they are engaged in a prosecutorial function. *See Burns v. Reed*, 500 U.S. 478, 483 (1991). As long as the conduct of the prosecutor in question was "intimately associated with the judicial phase of the criminal process," as it is here, the prosecutor is immune. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). The Fourth Circuit has held that prosecutors are cloaked by absolute immunity once judicial proceedings against an individual have commenced. *See Goldstein v. Moatz*, 364 F.3d 205, 213-14 (4th Cir. 2004) (distinguishing a prosecutor's investigative function, which does not trigger absolute immunity, as opposed to acting as an advocate, during which immunity would apply); *Lyles v. Sparks*, 79 F.3d 372,

Dotson, and will be DISMISSED as bared by the statute of limitations.

### IV. *Heck v. Humphrey*, 512 U.S. 477 (1994), and Immunity

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

*Heck* held that where a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. A plaintiff meets his burden by achieving a "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S.

---

376 (4th Cir. 1996) (prosecutors enjoy absolute immunity for conduct "intimately associated with the judicial phase of the criminal process.") (quoting *Imbler*, 424 U.S. 409, 430 (1976)).

    Plaintiff's claims against Churchill and Lavelle are not cognizable under § 1983 because neither appointed counsel acted under the color of state law while representing plaintiff in the criminal proceedings. *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) ("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under § 1983."). Even if plaintiff suffered a deprivation of his constitutional rights by his trial counsel's allegedly ineffective representation, a "lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983." *Briscoe v. LaHue*, 460 U.S. 325, 329 n.6 (1983); *see Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Ward v. Ghee*, 8 F.3d 823 (4th Cir. Oct. 13, 1993) (table case) ("[d]efense attorneys do not act 'under color of' state law and are, therefore, not amenable to suit under § 1983, whether privately retained, appointed by the state, or employed as public defenders").

749, 751 (2004) (per curiam). Bingham has not met his burden because his convictions have not been overturned, reversed, or called into question.

In addition to being barred by *Heck*, as the claims against each defendant are barred as a matter of law, the complaint fails to state a cause of action and amendment would be futile. *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) ("Where the statute of limitations bars a cause of action, amendment may be futile and therefore can be denied."); *see Reid v. James Madison Univ.*, 90 F.4th 311, 318 (4th Cir. 2024) (affirming that any statute of limitations issue is properly analyzed within the 12(b)(6) framework): *see, e.g., Howard v. Sharrett*, 540 F. Supp. 3d 549, 552 (E.D. Va. 2021) (allowing plaintiff to "amend would be futile because not only are the defendants named immune from suit, his complaint must be dismissed under *Heck v. Humphrey*, 512 U.S. 477, 484-86 (1994), and it is barred by the statute of limitations.").

To the extent that plaintiff seeks to contest the fact or duration of his confinement, he is advised that he must pursue such remedies through a petition for a writ of habeas corpus, not a claim under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973); *see generally Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (summarizing the distinctions between § 1983 and habeas actions).[7]

Accordingly, it is hereby

**ORDERED** that the Motion to proceed *in forma pauperis*, Dkt. No. 2, 6, are **DISMISSED WITHOUT PREJUDICE**, and it is

**FURTHER ORDERED** that this civil action be and is **DISMISSED WITH**

---

[7] As noted above, Bingham has filed a petition for a writ of habeas corpus that is currently pending in this Court, *Bingham v. Anderson*, No. 24cv1225.

**PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is

**FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(g),[8] this dismissal may affect Plaintiff's ability to proceed *in forma pauperis* in future civil actions; and it is

**FURTHER ORDERED** that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act.

To appeal this decision, plaintiff must file a written notice of appeal with the Clerk's office within thirty (30) days of the date of this Order. *See* Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal and including the date of the Order the plaintiff wishes to appeal. Failure to file a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed to send a copy of this Order dismissing the complaint without prejudice to Plaintiff, and to close this civil action.

Entered this 27 day of February, 2025.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge

---

[8] 28 U.S.C. § 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.